Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000141
19-JAN-2012
09:04 AM

NO. CAAP-10-0000141

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant, v.
WILLIAM EUGENE MAHADY, Defendant-Appellee


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 10-1-1471)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant William Eugene Mahady ("Mahady") appeals from the Judgment of Conviction and Sentence, Notice of Entry ("Judgment") filed on October 13, 2010 in the Family Court of the First Circuit ("Family Court").[1] After a bench trial, the Family Court convicted Mahady of Abuse of Family or Household Members ("Household Abuse") in violation of Hawaii Revised Statutes ("HRS") § 709-906 (Supp. 2010), and Terroristic Threatening in the Second Degree ("TT2") in violation of HRS § 707-717 (1993). The court sentenced him to seven days incarceration, two years of probation for Household Abuse and one year of probation for TT2, and payment of certain fees.

On appeal, Mahady argues that the Family Court (1) abused its discretion in denying the Defendant's Notice of Intent to Introduce Character Evidence ("Notice of Character Evidence"), and (2) plainly erred in allowing the complainant ("Complainant") to make inadmissible and highly prejudicial statements in her testimony at trial. Finally, Mahady argues that (3) his trial counsel was ineffective for failing to object to the aforementioned testimony.

_____

[1] The Honorable Maura M. Okamoto presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mahady's points of error as follows:

Preliminarily, we note that Mahady has failed to contest any findings of fact or conclusions of law in the Family Court's November 16, 2010 Findings of Fact, Conclusions of Law, and Adjudication of Guilt. Because the FOFs support the convictions, Mahady's failure to challenge them provides a basis for us to affirm the Judgment. *State v. Barros*, 98 Hawai'i 337, 343 n.4, 48 P.3d 584, 590 n.4 (2002) ("If a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid." (quoting *Wisdom v. Pflueger*, 4 Haw. App. 455, 459, 667 P.2d 844, 848 (1983) (internal quotation marks omitted)); Haw. R. App. P. 28(b)(4)(c) and 28(b)(7).

Even if we were to consider Mahady's points on appeal, we would hold that they lack merit.

(1) Without addressing whether the Family Court abused its discretion in precluding Mahady from presenting at trial particular character evidence of the Complainant, any error was harmless beyond a reasonable doubt because it would not have affected Mahady's substantial rights.

(a) There was a "wealth of overwhelming and compelling evidence tending to show" that Mahady was guilty of Household Abuse beyond a reasonable doubt. *See State v. Rivera*, 62 Haw. 120, 128, 612 P.2d 526, 532 (1980); *see also* Haw. Rev. Stat. § 709-906(1) (1993); *State v. Machado*, 109 Hawai'i 445, 453, 127 P.3d 941, 949 (2006); *State v. Canady*, 80 Hawai'i 469, 474-75, 911 P.2d 104, 109-10 (App. 1996).

(b) There was a "wealth of overwhelming and compelling evidence tending to show" that Mahady was guilty of TT2 beyond a reasonable doubt. *See* HAW. REV. STAT. §§ 702-205 (1993) & -206(3)(a) & (d) (1993); HAW. REV. STAT. §§ 707-715 (1993) & -717 (1993); *see also Machado*, 109 Hawai'i at 455-56, 127 P.3d at 951-52 (holding that there was more than sufficient evidence that Machado committed TT2, where evidence showed he

2

yelled at and choked complainant, held a kitchen knife in a threatening manner, and tried to stab her with it); *State v. Martins*, 106 Hawai'i 136, 144, 102 P.3d 1034, 1042 (2005); *State v. Valdivia*, 95 Hawai'i 465, 477, 24 P.3d 661, 673 (2001); *State v. Chung*, 75 Haw. 398, 416, 862 P.2d 1063, 1072-73 (1993).

(2) Mahady argues that the Family Court erred in admitting portions of Complainant's testimony that Mahady contests were inadmissible under applicable Hawai'i Rules of Evidence Rules 404(b), 602, 701, 801, & 802. In light of the substantial evidence contained in the record, however, we are convinced that any error was harmless beyond a reasonable doubt because there is no "reasonable possibility that [any] error might have contributed to the conviction" in light of the substantial evidence referenced above in support of Mahady's guilt. *State v. Kaiama*, 81 Hawai'i 15, 23, 911 P.2d 735, 743 (1996); *see also State v. Barros*, 105 Hawai'i 106, 171, 95 P.3d 14, 25 (2004) ("[T]he normal rule is that if there is sufficient competent evidence to support the judgment or finding below, there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only." (quoting *State v. Gutierrez*, 1 Haw. App. 268, 270, 618 P.2d 315, 317 (1980) (internal quotation marks omitted)); *State v. Vliet*, 91 Hawai'i 288, 298, 983 P.2d 189, 199 (1999) (trial court's error in admitting into evidence police officer's attempted legal conclusion that Vliet's blood alcohol concentration was "over the legal limit" was harmless beyond a reasonable doubt, where it was a bench trial and there was substantial evidence that Vliet's blood alcohol concentration was over the legal limit).

(3) Because we hold that any error associated with the admission into evidence of those portions of Complainant's testimony that Mahady contests is harmless, any error on the part of Mahady's trial counsel in failing to object to the testimony could not have resulted in "the withdrawal or substantial impairment of a potentially meritorious defense." *State v. Wakisaka*, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (quoting *State v. Aplaca*, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003)

(internal quotation marks omitted)).

Therefore,

IT IS HEREBY ORDERED that the October 13, 2010 Judgment of Conviction and Sentence, Notice of Entry, filed in the Family Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, January 19, 2012.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.


James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

4